UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **MICHAEL A. JACKSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:05-0677 |
| | ) | Judge Echols |
| **DENISE HENDERSON, et al.** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Pending before the Court are two Reports and Recommendations ("R & R") filed by the Magistrate Judge. In the first R & R (Docket Entry No. 40), the Magistrate Judge recommends granting the Motion to Dismiss filed by Defendants Darrell Denton, Wayne Shelton and Montgomery County, Tennessee. Plaintiff Michael A. Jackson has filed objections to that R & R (Docket Entry No. 43). In the second R & R (Docket Entry No. 42) the Magistrate Judge recommends that Defendant Denise Henderson be dismissed for Plaintiff's failure to effectuate service. Plaintiff has filed no objections to that R & R.

## I. STANDARD OF REVIEW

When a party makes timely objections to a Report and Recommendation, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with

1

counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.J. 9(b)(3). Where no objections are made to the R & R, "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b).

## II. R & R DOCKET ENTRY NO. 40

### A. Facts

The relevant facts are adequately and accurately set forth in the R & R. For present purposes those facts may be summarized as follows.

On May 11, 2005, Plaintiff's minor daughter was beaten in and about the face and head by a juvenile female whose legal guardian is Defendant Denise Henderson ("Henderson"). Plaintiff's daughter was taken by ambulance to the hospital and police investigated the assault. The following day, Plaintiff filed a report with the Clarksville Police Department attempting to have the assailant charged as an adult because of the aggravated nature of the assault. Detective Parrish, the investigating police officer, told the Plaintiff that the juvenile had been charged and that a hearing would be held on August 8, 2005.

On the appointed day for the hearing, Plaintiff and his family appeared at juvenile court, only to learn that the matter had been adjudicated on July 11, 2005, by Juvenile Court Judge Wayne Shelton

2

("Judge Shelton"). Defendant Darrell Denton ("Denton"), a juvenile probation officer, was summoned and he explained that the matter "had been taken care of" by Judge Shelton and him and that the juvenile had returned to Mississippi on the day of the hearing. Plaintiff's wife then indicated the juvenile was not in Mississippi since she had recently seen the juvenile at a Wal-Mart in Clarksville. Denton tried to call the telephone number he was given for the juvenile's home in Mississippi, but received no response. Denton began to inquire of Plaintiff's daughter about the events that occurred on May 11, 2005, but was told by Plaintiff that "the conversation was over" since "they deprive[d] us of our constitutional rights and settled the matter without notifying us." (Complaint ¶ 14).

Based on these events, Plaintiff, pro se, filed this action pursuant to 42 U.S.C. § 1983 against Henderson, Denton and Judge Shelton.[1] Plaintiff alleges due process violations under the Fourteenth Amendment because he was not notified of the rescheduled hearing.

In the R & R, the Magistrate Judge recommends dismissal because, inter alia, (1) Plaintiff cannot show that Defendants had any duty to notify him of the change in the hearing date such that the failure violated Plaintiff's constitutional rights; (2) Judge

---

[1] Plaintiff also sued the "State of Tennessee Department of Children's Services." That Defendant has previously been dismissed by Order of this Court (Docket Entry No. 41).

3

Shelton is entitled to judicial immunity; (3) Defendant Denton is entitled to qualified immunity; and (4) even if Montgomery County failed to properly train its employees there is no liability against it or any its officials because Plaintiff cannot show an affirmative duty to notify the guardians of juvenile victims about the scheduling or rescheduling of juvenile hearings.

B. **Analysis of Plaintiff's Objections**

Plaintiff first objects to the R & R by arguing that, as a parent, he has standing to file suit as a guardian of his minor daughter. While the Magistrate Judge noted the Defendants' argument that Plaintiff had no standing, the lack of standing was not a reason for the Magistrate Judge's recommendation that this suit be dismissed. Accordingly this objection will be overruled.

Plaintiff next asserts the Magistrate Judge erred in failing to recognize an affirmative duty of notification and, as a basis for that duty, Plaintiff points to T.C.A. § 40-38-110. That statute, which is part of Tennessee's Victims' Bill of Rights, provides that, among other things, "a victim of crime has the right to be informed of . . . (1) cancelled/rescheduled hearings." T.C.A. § 40-38-108. Tellingly, that statutory provision does not identify the party responsible for informing the victim of changed hearings and most certainly does not designate the juvenile probation officer or Juvenile Court Judge as the information officer regarding hearings. Moreover, the deprivation of any right

4

established by the Victims' Bill of Rights, does not entitle the victim to file a suit for damages. Quite the contrary, the statute provides:

> Failure to comply with any provision of this part shall not create a cause of action or claim for damages against the state, a political subdivision of the state, a government employee or other official or entity, and no such cause of action shall be maintained.

T.C.A. § 40-38-108.

The existence of the Victims' Bill of Rights does not translate into a due process right under the United States Constitution. "What the Due Process clauses of the Fifth and Fourteenth Amendments protects is 'life, liberty, [and] property,' U.S. Const. amends. V & XIV, §§ 1, not the procedures designed to protect life, liberty, and property." Montgomery v. Carter County, Tennessee, 226 F.3d 758, 768 (6th Cir. 2000). While Plaintiff did not receive the process he believes he was due under the Victims' Bill of Rights, "[p]rocess is not an end in itself." Olim v. Wakinekona, 461 U.S. 238, 250 (1982).

In this regard, the decision in Dix v. County of Shasta, 963 F.2d 1296 (9th Cir. 1992), *abrogated on other grounds*, Sandlin v. Conner, 515 U.S. 472 (1995) is instructive. In that case, plaintiff, the victim of a criminal assault, brought a section 1983 action against state and local officials claiming that they failed to discharge their responsibility under California's version of a Victim's Bill of Rights when a court reduced his assailant's

5

sentence without notice to, or input from, plaintiff.  The Ninth Circuit affirmed dismissal of the complaint noting that while states may permit sentencing authorities to consider the crime's impact on the victim, this does not mean states were "constitutionally <u>required</u> to give crime victims the right to become involved in the prosecution and sentencing of a criminal defendant."  <u>Id</u>. at 1298 (emphasis added).  The Ninth Circuit also held that the Bill of Rights did not grant crime victims an interest palpable enough to be enforced in federal courts as a matter of due process.  <u>Id</u>. at 1299-1300.

Likewise in this case, while the Tennessee Victims' Bill of Rights provides a procedure for crime victims to participate in prosecution of the accused, this does not mean that the Bill of Rights provides a right to that participation which is protected under the federal constitution.  This is most notably so given that the statute itself provides no cause of action for its violation.  This objection will be overruled.

Plaintiff next objects to the Magistrate Judge's suggestion that Judge Shelton is entitled to absolute judicial immunity.  In this regard, Plaintiff writes:

> Defendant Shelton acted beyond his scope of jurisdiction and adjudicated a case in which he knew the victim, Plaintiff's daughter[,] had to seek medical treatment for the violent aggravated assault she underwent at the attack by [the juvenile perpetrator].  Judge Shelton also knew money wasn't coming out of Lakeshia Henderson's pocket nor out of his, thus his ruling took property out of Plaintiff's Michael A. Jackson, Sr., pocket, thus

6

>     depriving the Plaintiff of his property without
>     jurisdiction (**complete absence of all jurisdiction**) over
>     Plaintiff Jackson and denying him due process.

(Docket Entry No. 43 at 4)(emphasis in original).

Judges are generally entitled to absolute judicial immunity from suits for money damages. Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam). Judicial immunity is overcome only in two sets of circumstances: "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. at 11-12.

In this case, there is no allegation that Judge Shelton was without jurisdiction to adjudicate the delinquency of the juvenile perpetrator or determine her fate. See, Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994)(issuance of an Order is a judicial act). While the Judge may not have taken into account Plaintiff's desire for restitution, this does not mean that the action he did take (which apparently adjudicated the case against the juvenile perpetrator without ordering restitution for medical payments) was outside the scope of his jurisdiction. As for Plaintiff's argument that Judge Shelton had no authority over him, the argument fails because there is no suggestion that Judge Shelton acted, judicially or otherwise, in regard to Plaintiff. This objection will be overruled.

7

Finally, Plaintiff objects stating "Defendant Denton is not entitled to quasi-judicial immunity because he is not an attorney, or a prosecutor; he is not sentencing, making rulings, etc." (Docket Entry No. 42 at 4). While that may be so, it is not grounds for an objection because the Magistrate Judge recommended that Denton be entitled to *qualified* immunity (Docket Entry No. 40 at 12). This recommendation was proper since government officials are generally entitled to qualified immunity so long as their conduct does not violate a clearly established right. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). As already indicated, there is no showing that Denton had an affirmative duty to inform Plaintiff of the changed hearing date. Accordingly, this objection will be overruled.

### III.  R & R DOCKET ENTRY NO. 42

The Magistrate Judge recommends that the claims against Defendant Henderson be dismissed because Plaintiff has failed to effectuate service on that Defendant. Plaintiff has lodged no objections to this R & R.

Plaintiff filed his Complaint on September 6, 2005 and to this date has not effected service on Defendant Henderson, even though he was granted extensions of time within which to do so. Plaintiff's failure to effectuate service led the Magistrate Judge to enter an order on June 14, 2005 (Docket Entry No. 39) requiring Plaintiff to serve that Defendant within thirty days or risk having

that Defendant dismissed pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure. When Plaintiff did not accomplish service as required, the Magistrate Judge entered the instant R & R. This Court accepts the Magistrate Judge's recommendation and Defendant Henderson will be dismissed for lack of service.

## IV. CONCLUSION

For the foregoing reasons, the Reports and Recommendations of the Magistrate Judge (Docket Entry Nos. 40 & 42) will be accepted and Plaintiff's Objections (Docket Entry No. 43) will be overruled. The Motion to Dismiss filed by Defendants Denton, Shelton and Montgomery County, Tennessee will be granted and Defendant Henderson will be dismissed for failure to effectuate service.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE